## NOAH COOK, adm'r. vs. HENRY RICE.

When the statute of limitations is pleaded to an action of assumpsit, brought by an executor, it will be sufficient for him to reply generally, that the testator had cause of action, at the time of his decease.

If, in such a replication, the particular time of the testator's decease be not averred, it will be well enough on a general demurrer.

The time of the commencement of the action is part of the record, and need not be averred.

ASSUMPSIT, upon a note of hand, dated September 18, 1810, for $515, payable on demand, by the said *H. Rice*, to the late *Francis Dana*, of whose estate the plaintiff is administrator.

The defendant pleaded in bar, that he never promised within six years next before the commencement of the action.

To this plea the plaintiff replied, that the said *Francis Dana* had cause of action at the time of his decease; that the plaintiff took upon himself the administration of the said estate, on the thirtieth day of July, 1822; and that this action was commenced within two years after that time, to wit, on 20th August, 1822.

To this replication there was a general demurrer.

*Cook*, pro se.

*L. Chamberlain*, for the defendant.

*By the court.*----The statute of December 30, 1799, sec. 2, (1 *N. H. Laws* 169,) enacts, that the statute of limitations "shall not extend to bar any action hereafter brought upon "any contract therein mentioned, by any executor or admin- "istrator, until the expiration of two years from the time of "proving the will, or taking out letters of administration. "Provided, the testator or intestate had cause of action at "the time of his or her decease." Upon this clause in the statute, the replication in the present case is founded; and it is objected, that it is not alleged in the replication, that the cause of action accrued to the testator at any time within six years next before his decease. But the replication alleges, that the testator had cause of action at the time of his decease, and this, being in the words of the statute, seems to us to be sufficient. It is clearly well upon a general demurrer.

It is also objected, that the time of the testator's decease is not averred. This objection, had it been particularly assigned as a cause of demurrer, would have deserved consid-

eration (*Story's Pl.* 79); but we are of opinion, that it cannot prevail upon a general demurrer.

The time, when this action was commenced, is averred. This averment is altogether unnecessary ; the commencement of the action forms a part of the record, and need not be averred.

*Judgment for the plaintiff.*